**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WHITNEY LEE,

    Plaintiff,

v.

CYNTHIA HILL, et al.,

    Defendants.

Case No. 1:18-cv-726

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.    Procedural Background**

Plaintiff, who identifies as a transgender woman, initiated suit under 42 U.S.C. § 1983 based upon alleged violations of her civil rights during her incarceration. On November 13, 2018, the undersigned recommended the dismissal of certain claims and of defendants on initial screening, but recommended that Plaintiff's Eighth Amendment claims against two Defendants (Smith and Eulenburg) be permitted to proceed. (Doc. 8).

Plaintiff filed three motions in October 2018, including: (1) a motion that requests an order seeking the production of documentary evidence that may relate to Plaintiff's claims in this lawsuit; (2) a motion requesting an order directing Defendants "to stop with Retaliation"; (3) and a motion seeking the appointment of counsel. (Docs. 4-6). Although the undersigned ordinarily would rule on the merits of those motions, the record reflects that Plaintiff was released from custody some months ago and has failed to apprise the Court of her address. For that reason, the undersigned now recommends dismissal of the entirety of this case, with all pending motions to be denied as moot.

**II.     Analysis**

The undersigned takes judicial notice that the prior Order and R&R were returned to this Court as "undeliverable" based upon Plaintiff's release from custody.  (*See* Docs. 12, 13, 16).  Thus, Plaintiff has failed to keep this Court apprised of her current address, and there is no indication that she has taken any further steps to prosecute this case since her release.

It is incumbent upon any litigant, including a *pro se* prisoner litigant, to keep the Court apprised of her current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.1991). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.,* 570 F.3d 775 (6th Cir.2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute.  *See, e.g., Whittaker v. Hilltop Records,* 2009 WL 2734052 (S.D.Ohio Aug.27, 2009) (dismissal of pro se plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608–609 (6th Cir.1992) (dismissal upheld in part due to counsel's failure to advise court of change of address).

2

**III.     Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED THAT** this case be dismissed based upon Plaintiff's failure to keep the Court apprised of his current address, and corresponding failure to prosecute.  Consistent with this R&R, all pending motions (Docs. 4, 5, 6) should be **DENIED AS MOOT.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WHITNEY LEE, | Case No. 1:18-cv-726 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| CYNTHIA HILL, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).